**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN NEIGHBORHOOD MORTGAGE ACCEPTANCE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CROSSCOUNTRY MORTGAGE, INC., <br><br> Defendant. | Civil Action No. 20-00874 (SDW)(LDW) <br><br> **OPINION** <br><br> November 10, 2022 |

**WIGENTON**, District Judge.

Before this Court is Todd Bailey ("T. Bailey"), Shawn Miller ("Miller"), and Steven Lo Bue's ("Lo Bue") (the "Proposed Intervenors") Motion to Intervene (D.E. 88) as Defendants in this action pursuant to Federal Rule of Civil Procedure ("Rule") 24(a) and (b). Plaintiff American Neighborhood Mortgage Acceptance Company, LLC ("Plaintiff" or "AnnieMac") opposes the Motion to Intervene. (D.E. 89.) Defendant CrossCountry Mortgage, Inc. ("Defendant" or "CrossCountry") does not oppose the Motion to Intervene. This Court having considered the parties' submissions, reaches its decision without oral argument pursuant to Rule 78, and for the reasons stated herein, the Proposed Intervenors' Motion to Intervene is **DENIED**.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On January 27, 2020, AnnieMac filed its original ten count complaint against CrossCountry and the Proposed Intervenors alleging, *inter alia*, that CrossCountry in conjunction with the Proposed Intervenors improperly diverted AnnieMac loans away from AnnieMac to

1

CrossCountry, recruited and solicited AnnieMac employees to leave AnnieMac for CrossCountry, and misappropriated AnnieMac's trade secrets and confidential customer information. (*See generally* D.E. 1.) On June 18, 2020, the Proposed Intervenors moved to compel arbitration and stay this action under 9 U.S.C. § 3 (D.E. 16)[1] and CrossCountry moved to dismiss AnnieMac's original complaint. (D.E. 20.)

On July 20, 2020, without first requesting leave of the Court or opposing counsel, AnnieMac filed a six count Amended Complaint against CrossCountry and removed the Proposed Intervenors as parties to the action. (D.E. 25.) The Proposed Intervenors and CrossCountry then moved to strike the Amended Complaint. (D.E. 27.) By way of Order dated October 23, 2020, this Court denied the Motion to Strike and dismissed as moot the Proposed Intervenors' Motion to Compel Arbitration/Stay this Action and CrossCountry's Motion to Dismiss. (D.E. 41.) This Court explained that "[b]y allowing Plaintiff's Amended Complaint, rather than denying it as untimely, the parties will avoid unnecessary motion practice regarding the contractual arbitration provisions. . . . [A]llowing Plaintiff's Amended Complaint will encourage judicial economy[.]" (*Id.*) Said Order was affirmed by the Third Circuit Court of Appeals on October 8, 2021. (D.E. 53.) The Third Circuit explained:

> Once the District Court denied the motion to strike and accepted the Amended Complaint, which omitted claims against [the Proposed Intervenors], [the Proposed Intervenors] were no longer parties to this case. Thus, no case or controversy existed between AnnieMac and [the Proposed Intervenors] for the Court to resolve.
>
> (D.E. 56-1 at 5.)

---

[1] The Proposed Intervenors argued that AnnieMac's claims in the original complaint against the Proposed Intervenors were within the scope of the arbitration provisions contained in their employment agreements with AnnieMac. (*See generally* D.E. 16-1.)

2

On November 22, 2021, CrossCountry moved to dismiss the Amended Complaint and all subsequent briefing was filed. (D.E. 57, 58, 59.) On March 8, 2022, the Proposed Intervenors filed a Motion to Intervene. (D.E. 64.) Shortly thereafter, United States Magistrate Judge Leda D. Wettre referred the underlying action to mediation on March 18, 2022. (D.E. 74.) On April 7, 2022, the Proposed Intervenors withdrew their Motion to Intervene pending resolution of the mediation. (D.E. 83.) On May 4, 2022, this Court granted in part and denied in part CrossCountry's Motion to Dismiss. (D.E. 86, 87.) The Proposed Intervenors now move to intervene in this action. (D.E. 88.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 24 governs intervention by nonparties. Pursuant to Rule 24(a), a party may intervene as of right if it "(1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Rule 24(a). Pursuant to Rule 24(b), a private party may be given permission by the court to intervene if it "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Rule 24(b).

## III. DISCUSSION

### A. Rule 24(a)(2) Intervention as of Right

The Proposed Intervenors argue that they satisfy the requirements to intervene as of right in this action pursuant to Rule 24(a)(2) because the motion is timely; the action is in the early stages of litigation; the Proposed Intervenors have an interest in this action "because each and every cause of action asserted by AnnieMac against CrossCountry flows directly from alleged

improper conduct by the [Proposed Intervenors]"; and the Proposed Intervenors have a right to arbitrate their disputes with AnnieMac. (D.E. 88-1 at 6.)

The Third Circuit has established that "a litigant seeking intervention as of right under Rule 24(a)(2) must demonstrate 1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties do not adequately represent the prospective intervenor's interests." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (citing *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998)). "Each of these requirements must be met to intervene as of right." *Id.* (quoting *Mountain Top Condo. Ass'n v. Dave Stabber Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995)).

First, to determine whether a motion to intervene is timely, courts consider the following factors: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Mountain Top*, 72 F.3d at 369. Courts also recognize that "[t]he mere passage of time . . . does not render an application untimely." *Id.* at 369 (citations omitted). Ultimately, the delay in seeking to intervene is "measured from the time the proposed intervenor knows or should have known of the alleged risks to his or her rights or the purported representative's shortcomings." *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 950 (3d Cir. 2012). Here, the Proposed Intervenors primarily contend that their application for intervention is timely because this matter is in the early stages of litigation and the existing parties would not be prejudiced by the Proposed Intervenors' intervention. (D.E. 88-1 at 12–13.) This Court, however, finds that the Proposed Intervenors' motion to intervene is untimely within the meaning of Rule 24(a)(2). The Proposed Intervenors had ample opportunity to file this application earlier in the litigation when they first became aware of how their alleged rights to

arbitrate would be affected by AnnieMac's Amended Complaint. (D.E. 25.) Indeed, the Proposed Intervenors could have brought this application at the time they moved to strike the Amended Complaint on August 3, 2020, or after the Third Circuit affirmed this Court's dismissal of the Proposed Intervenor's Motion to Strike and Motion to Compel Arbitration on October 8, 2021. (D.E. 27; D.E. 53.) The Proposed Intervenors did not seek to intervene in this action until March 8, 2022, and have provided no reason for the delay. (D.E. 64.) A significant amount of time has passed since the commencement of this action on January 27, 2020, and delays will further result if the Proposed Intervenors are permitted to intervene. Despite this Court's and the Third Circuit's denial of the Proposed Intervenors' Motion to Compel Arbitration and Stay this Action, the Proposed Intervenors advise that they intend to renew their motion to stay the action and compel arbitration. (D.E. 88-2.) This will undoubtedly prejudice the existing parties in the action by causing further delays to discovery and adjudication of the parties' rights because the parties will have to relitigate issues that this Court has already dismissed as moot. (D.E. 41.) Assuming, *arguendo*, that the application is timely, further analysis yields no different result on the Proposed Intervenors' request to intervene as of right.

Second, to justify intervention as of right, the Proposed Intervenors must prove an interest "relating to the property or transaction which is the subject of the action." *Mountain Top,* 72 F.3d at 366. The Proposed Intervenors' interest must be "significantly protectable." *Id.* That is, the interest must be "a legal interest as distinguished from interests of a general and indefinite character." *Harris v. Pernsley,* 820 F.2d 592, 601 (3d Cir. 1987) (citations omitted). Generally, an "economic interest in the outcome of litigation is insufficient to support a motion to intervene." *Liberty Mut. Ins. Co. v. Treesdale, Inc.,* 419 F.3d 216, 221 (3d Cir. 2005) (quoting *Mountain Top,* 72 F.3d at 366). "It is not sufficient that the claim be incidentally affected; rather, there must

be 'a tangible threat' to the applicant's legal interest. . . . [T]his factor may be satisfied if, for example, a determination of the action in the [proposed intervenors'] absence will have a significant stare decisis effect on their claims, or if the [proposed intervenors'] rights may be affected by a proposed remedy." *Seneca Res. Corp. v. Twp. of Highland, Elk Cnty., Pennsylvania*, 863 F.3d 245, 257 (3d Cir. 2017) (quoting *Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992) (citation omitted) (quoting *Harris v. Pernsley*, 820 F.2d 592, 601 (3d Cir. 1987)).

The Proposed Intervenors have not sufficiently shown that their interest in this action is the type of interest warranting protection under Rule 24(a)(2). The Proposed Intervenors are not named defendants in the Amended Complaint, there remains no claims against them, and they face no liability in this action. (D.E. 25.) Put simply, "no case or controversy [exists] between AnnieMac and the [Proposed Intervenors]". (D.E. 56-1 at 5.) AnnieMac's claims in the Amended Complaint are against CrossCountry, not the Proposed Intervenors. (D.E. 25.) Nevertheless, the Proposed Intervenors contend that they will suffer reputational harm if not permitted to intervene because AnnieMac's claims against CrossCountry "arise directly from, and are predicated on, the allegedly improper conduct of the [Proposed Intervenors]." (D.E. 88-1 at 14.) The Proposed Intervenors provide no legal basis to support their contention that their alleged reputational harm constitutes a "significantly protectible" interest warranting intervention as of right. (*See generally* D.E. 88-1; D.E. 90.) Moreover, AnnieMac has represented that it has offered to release the Proposed Intervenors from all claims and liabilities arising from their employment with AnnieMac in connection with this action. (D.E. 89 at 2; D.E. 89-2.) Thus, any alleged interest will not be impaired or affected by the disposition of the underlying action.

Lastly, the Proposed Intervenors have failed to establish that CrossCountry will not adequately represent their interests in this action. The mere fact that the Proposed Intervenors

have a right to arbitrate in their employment agreements is insufficient to justify intervention as of right where no underlying "significantly protectible" interest exists. Accordingly, the Proposed Intervenors' request to intervene as of right is denied.

### B. Rule 24(b) Permissive Intervention

In the alternative, the Proposed Intervenors seek permissive intervention under Rule 24(b), which grants the court discretion to allow intervention "[o]n timely motion" where the movants "[have] a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(1)(B). Ultimately, the decision of whether to grant or deny permissive intervention lies within the Court's discretion. *Brody ex rel. Sugzdinis v. Spang*, 957 F.2d at 1124. Courts also "consider various factors, including whether the proposed intervenors will add anything to the litigation and whether the proposed intervenors' interests are already represented in the litigation." *Worthington v. Bayer Healthcare LLC*, Civ. No. 11-2793, 2011 WL 6303999, at *8 (D.N.J. Dec. 15, 2011) (citing *Hoots v. Pennsylvania,* 672 F.2d 1133, 1136 (3d Cir. 1982). Finally, when considering whether to exercise its discretion and allow intervention under Rule 24(b), "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Rule 24(b)(3).

In exercising its discretion, this Court finds that permissive intervention is not prudent in this case for the same reasons discussed above. The Proposed Intervenors contend that permissive intervention is warranted because their motion is timely, intervention will not cause undue delays or prejudice to the parties in this action, and the Proposed Intervenors' claims and legal defenses share common questions of law and fact. (D.E. 88-1 at 19.) Assuming, *arguendo,* the Proposed Intervenors share a claim or defense with the parties in the litigation, permissive intervention is nonetheless inappropriate because the Proposed Intervenors' interests are already represented by

their employer, CrossCountry, in this action. The Third Circuit has explained that if the interests of the proposed intervenor are already represented in the litigation, courts typically deny such applications to intervene. *Hoots,* 672 F.2d at 1136; *see also Benjamin v. Dept. of Pub. Welfare*, No. 09-1182, 267 F.R.D. 456, 465 (M.D. Penn. Mar. 10, 2010) (finding that permissive intervention was not appropriate where "applicant would not add anything to the litigation"). The Proposed Intervenors have failed to show that CrossCountry will not adequately represent their interests or that the Proposed Intervenors' intervention will add anything to the litigation. Moreover, the Proposed Intervenors have not shown a "significantly protectable" interest in this action warranting intervention. Rather, intervention will only further delay the adjudication of the original parties' rights because discovery has commenced and this Court already issued a decision on CrossCountry's Motion to Dismiss prior to the filing of the instant motion. Therefore, the Proposed Intervenors' motion for permissive intervention under Rule 24(b) will be denied.

## **CONCLUSION**

For the foregoing reasons, the Proposed Intervenors' Motion to Intervene is denied. An appropriate Order shall follow.

                  /s/ Susan D. Wigenton
                **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:   Leda D. Wettre, U.S.M.J.
    Parties